UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK W. DOBRONSKI,

        Plaintiff,

v.

TOBIAS & ASSOCIATES,
FIDELITY LIFE
ASSOCIATION,
GREAT WESTERN
INSURANCE COMPANY,
MICHAEL CHARLES
TOBIAS,
ROBERT D. PHILLIPS, JR.,
and JESSE ROBERT
VENTURA,

        Defendants.

_____/

Case No. 5:23-cv-10331
District Judge Judith E. Levy
Magistrate Judge Anthony P. Patti

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTIONS TO DISMISS (ECF Nos. 29, 30, 31)

**I.    RECOMMENDATION**:  For the reasons that follow, it is

**RECOMMENDED** that the Court **GRANT** Defendants Phillips, Tobias, Tobias

& Associates, Inc., and Ventura's motion to dismiss (ECF No. 29), **GRANT**

Defendant Fidelity Life Association's motion to dismiss (ECF No. 30), and

**GRANT** Defendant Great Western Insurance Company's motion to dismiss (ECF

No. 31).

## II.    REPORT

### A.    Background

Plaintiff, proceeding *in pro per* and having paid the $402.00 fee, filed this action against insurance product distributor Tobias & Associates, Inc., its chief executive officer Michael Charles Tobias, agents Robert D. Phillips, Jr. and Jesse Robert Ventura ("the Tobias Defendants"), and insurance companies Fidelity Life Association ("FLA") and Great Western Insurance Company ("GWIC").  (ECF No. 1, ¶¶ 3-10, 12-15, 59-61, 63.)

The facts underlying Plaintiff's complaint are based on calls Defendants or Defendants' agents allegedly initiated on "twelve (12) dates and times[.]"  (ECF No. 1, ¶¶ 87, 88, 94.)  Plaintiff contends each of the twelve calls violated:

- (Counts I-VI) the Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. § 227, 47 C.F.R. §§ 64.1200, 64.1601;

- (Count VII) the Michigan Telephone Companies as Common Carriers Act ("MTCCCA"), Mich. Comp. Laws § 484.125;

- (Count VIII) the Michigan Home Solicitation Sales Act ("MHSSA"), Mich. Comp. Laws §§ 445.111a, 445.111b; and,

- (Count IX) the Florida Telephone Solicitation Law ("FTSL"), Fla. Stat. § 501.059.

(ECF No. 1, ¶¶ 120-143.)

**B.      Pending Motions**

Judge Levy has referred this case to me for pretrial matters.  (ECF No. 18.)

Currently before the Court are the Tobias' Defendants motion to dismiss (ECF No.

29), Defendant FLA's motion to dismiss (ECF No. 30), and Defendant GWIC's

motion to dismiss (ECF No. 31).  Plaintiff has filed responses (ECF Nos. 33, 34,

35), and Defendants have filed replies (ECF Nos. 36, 37, 38).  In each of the

pending motions, Defendants argue that Plaintiff has "fail[ed] to state a claim upon

which relief can be granted[.]"  Fed. R. Civ. P.12(b)(6).  (ECF No. 29,

PageID.136-137; ECF No. 30, PageID.160-162; ECF No. 31, PageID.191.)  These

motions are now ready for decision.

**C.      Standard of Review**

**1.      The instant plaintiff**

When deciding a motion to dismiss under Federal Rule of Civil Procedure

12(b)(6), the Court must "construe the complaint in the light most favorable to

plaintiff and accept all allegations as true."  *Keys v. Humana, Inc.*, 684 F.3d 605,

608 (6th Cir. 2012).  The Court must construe a *pro se* civil rights complaint

liberally.  Nevertheless, the federal rules require that all complaints – including

those filed by *pro se* litigants – set forth a "short and plain statement of the claim

showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  And, as

this Court previously found in another case with this same plaintiff, while

3

Dobronski is "appearing *pro se*, [he] is trained in the law.  He previously served as a judge in Arizona."  *Dobronski v. Alarm Mgmt. II, L.L.C.*, No. 18-11055, 2020 WL 6780267, at *4 (E.D. Mich. Nov. 18, 2020) (Cleland, J.) (citing ECF No. 53-11, PageID.971 therein).[1]  It is further worth noting that this particular plaintiff has an unusual volume of *in pro per* experience from which to draw.[2]

### 2.    Motions to dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also*

---

[1] The Court went on further to add that "Plaintiff is deemed to have had the legal knowledge to be aware that his claims were unsubstantiated, and that continued litigation would impose unnecessary burdens and costs[,]"and, ultimately, imposed Rule 11 sanctions against him.  *Dobronski*, 2020 WL 6780267, at *4 (citing Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment).

[2] The frequency with which Plaintiff files lawsuits in this District alone is demonstrable and plentiful.  *See*, *e.g.*, Case No. 2:18-cv-13268-TGB-DRG *Dobronski v. iCan Benefit Group LLC et al*; Case No. 2:19-cv-12575-DPH-DRG *Dobronski v. Charter Communications, Inc.*; Case No. 2:19-cv-13033-SFC-EAS *Dobronski v. Smithkey Auto Industries, LLC dba Red Auto Protection et al*; Case No. 2:20-cv-12112-SFC-RSW *Dobronski v. American Insurance Brokers LLC et al*; Case No. 2:20-cv-12840-LJM-RSW *Dobronski v. Police Officers' Defense Coalition, Inc et al*; Case No. 3:18-cv-11055-RHC-RSW *Dobronski v. Alarm Management II, L.L.C.*; Case No. 3:19-cv-13719-RHC-EAS *Dobronski v. American Income Life Insurance Company et al*; Case No. 3:21-cv-11522-RHC-KGA *Dobronski v. Baltimore Life Insurance Company et al*; Case No. 4:19-cv-13372-MFL-APP *Dobronski v. Rentokil North America, Inc.*; Case No. 4:20-cv-12639-SDK-KGA *Dobronski v. Keroles Enterprises LLC et al*; Case No. 5:19-cv-13755-JEL-APP *Dobronski v. Heath*; Case No. 5:21-cv-10035-JEL-CI *Dobronski v. Total Insurance Brokers, LLC et al*.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

### D. Discussion

#### 1. Service of the Tobias Defendants' motion (ECF No. 29)

Preliminarily, it is necessary to address Plaintiff's claim that he was not served with a copy of the Tobias Defendants' motion. The Tobias Defendants' April 17, 2023 certificate of service indicates that a copy of the motion was "furnished . . . to Plaintiff, Mark Dobronski, via electronic mail." (ECF No. 29, PageID.125.) In his May 19, 2023 "objection," Plaintiff does not address the substance of the Tobias Defendants' motion; instead, he contends he was not served with a copy of the motion. (ECF No. 34, PageID.247, 251, 253.)[3]

---

[3] In one instance, Plaintiff claims that "*Guardian* did not serve [him] with a copy of its Motion so that Plaintiff may respond." (ECF No. 34, PageID.251 (emphasis added).) The reference to "Guardian," which is neither a party nor a movant in this

As Plaintiff points out, the "Electronic Filing Policies and Procedures" for this District provide:

> A party who is *pro se* and not a filing user, or a party excused from electronic filing under Fed. R. Civ. P. 5(d)(3)(A), is entitled to a <u>hard copy</u> of any paper filed electronically. Service of such copy must be made according to the federal rules of procedure (civil and criminal) and local rules. Unless otherwise ordered by the Court, an attorney who is not a filing user is not entitled to this traditional service.

R9(e). (ECF No. 34, PageID.252-253 (underscoring added).) Plaintiff is appearing *in pro per*, and the docket of this case does not contain a "non-attorney (pro se) e-filing account request." *See* www.mied.uscourts.gov, "Representing Yourself." And, citing Fed. R. Civ. P. 5(b)(2), Plaintiff contends he "has not consented in writing to receiving filings via other electronic or any other means." (ECF No. 34, PageID.251-252.)

However, these circumstances should not bar the Court's preliminary consideration of whether Plaintiff's operative pleading "states a claim for relief . . . ." Fed. R. Civ. P. 8(a). Preliminarily, if Plaintiff was concerned about "a pro se litigant's ability to access PACER and pay to download filings made in his or her case . . . [,]" *i.e.*, "the equivalent of imposing a tax on pro se parties to pursue their

---

case, appears to have been a typographical error. Nonetheless, Plaintiff elsewhere claims he "has not been served with a copy of the Motion[,]" "Defendant has failed to serve a copy of the Motion . . . [,]" or he "was not served with the motion[.]" (*Id*., PageID.247, 249, 253.) Thus, the Court assumes he is referring to the movants, *i.e.*, the Tobias Defendants.

claims[,]" (*id*., PageID.253-254), it does not appear Plaintiff had to pay to download the motion from CM/ECF or PACER. At most, he would have borne the cost of printing it. In fact, Plaintiff lists an email address where he signed his complaint (see ECF No. 1, PageID.38); thus, it certainly seems likely he could have saved it to a device and viewed it electronically without cost.

Moreover, in their May 24, 2023 reply, the Tobias Defendants contend, "Plaintiff was apprised of Defendants' Motion when he met and conferred with counsel on April 12, 2023[,]" and "counsel emailed a copy of the Motion to Plaintiff on May 4, 2023, in compliance with his request for a copy." (ECF No. 36; *see also* ECF No. 36-1 [Ex. A].) Thus, it appears Plaintiff *twice* received copies, albeit electronic copies, of the Tobias Defendants' motion – once on the date the motion was filed (April 17, 2023) and again fifteen days before the May 19, 2023 response due date (*i.e.*, May 4, 2023). In other words, it certainly seems Plaintiff had "actual notice" of the Tobias Defendants' motion. (*See* ECF No. 36, PageID.306.)

Finally, as to the letter of the rule, while the Court acknowledges R9(e)'s provision that *pro se* parties are entitled to a "hard copy" of electronically filed papers and Fed. R. Civ. P. 5(b)(2)(E)'s provision regarding written consent for electronic service (which Plaintiff allegedly did not provide), Plaintiff seems to be engaging in a bit of gamesmanship with the Tobias Defendants and/or this Court,

because:  (a) co-Defendants FLA and GWIC appear to have served Plaintiff with their April 17, 2023 motions by varying means, *i.e.*, FLA by email (*see* ECF No. 30, PageID.180) and GWIC via U.S. Mail First Class (*see* ECF No. 31, PageID.209); yet, (b) notwithstanding these differences in forms of service, Plaintiff's responses thereto address *the substance* of FLA's and GWIC's motions (*see* ECF No. 33, PageID.213; ECF No. 35, PageID.259).  Thus, the Court seriously doubts Plaintiff's May 19, 2023 suggestion that he "is unable to respond" to the Tobias Defendants' April 17, 2023 motion (*see* ECF No. 34, PageID.247), when Plaintiff provided a substantive May 19, 2023 response (ECF No. 35) to Defendant FLA's e-mail served April 17, 2023 motion to dismiss (ECF No. 30).  It seems trivial to contest service as to the Tobias Defendants' electronically delivered motion and not to Defendant FLA's electronically delivered motion. Moreover, even assuming *arguendo* Plaintiff happened to provide written consent for *FLA* to provide electronic versions of its filings, it seems petty that he would not do the same for the Tobias Defendants.

Not to worry.  To the extent Plaintiff "does not want the Court to consider Plaintiff's alleged non-response to serve as the basis for this Court granting the Motion[,]" (ECF No. 34, PageID.251), the Court will not fault Plaintiff for his non-substantive response.  Likewise, at this stage of the proceedings, the Court sees little utility in implementing the Tobias Defendants' alternative suggestion of

"leave to re-file their Motion and serve it on Plaintiff."  (ECF No. 36, PageID.307-308.)  As will be addressed now, it is clear that Plaintiff's pleading does not satisfy Fed. R. Civ. P. 8(a)(2).  *See*, *e.g.*, *S & B/Bibb Hines PB 3 Joint Venture v. Progress Energy Fla., Inc.*, No. 8:08-CV-439-JDW-MAP, 2008 WL 2275534, at *1 (M.D. Fla. June 2, 2008) ("Without regard to the merits of Defendant's Motion to Dismiss, the Amended Complaint is subject to dismissal *sua sponte*.  Rule 8(a)(2) . . . authorizes 'a short and plain statement of the claims showing that the pleader is entitled to relief.'  The Amended Complaint contravenes Rule 8."); *Hamrick v. United States*, No. CIV.A. 10-857 JDB, 2010 WL 3324721, at *1 (D.D.C. Aug. 24, 2010) ("courts may dismiss an action *sua sponte* under Rule 8(a)(2) where the complaint sets forth a meandering, disorganized, prolix narrative or is so verbose, confused and redundant that its true substance, if any, is well disguised.") (internal quotations omitted) (quoting *Hamrick v. United Nations,* 2007 WL 3054817, at *1 (D.D.C. Oct. 19, 2007)).  Moreover, beyond the Court's authority to dismiss Plaintiff's complaint *sua sponte* for failure to comply with Fed. R. Civ. P. 8(a)(2), FLA and GWIC each cited Rule 8 in their motions to dismiss (*see* ECF No. 30, PageID.165; ECF No. 31, PageID.199-200) – motions as to which Plaintiff substantively responded (*see* ECF No. 33, PageID.218-224; ECF No. 35, PageID.265-271).  Therefore, Plaintiff's substantive responses to these arguments

9

may also be applied to the Tobias defendants' Rule 8 argument (*see* ECF No. 29, PageID.141-144).

### 2.      Fed. R. Civ. P. 8(a)(2)

Quite simply, the Court need only consider the Tobias Defendants' third and final argument – "Plaintiff's allegations improperly group the Defendants together failing to provide Defendants with proper notice of the basis of the individual claims against each Defendant."  (ECF No. 29, PageID.141-144.)  Similarly, Defendant GWIC contends that "Plaintiff engages in improper group pleading . . . [,]" and argues that "Plaintiff fails to provide GWIC with fair notice of the claims against it under Rule 8."  (ECF No. 31, PageID.181, 199-200.)

The general rules of pleading provide that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  This rule requires that Plaintiff "provide the defendants 'adequate notice of the claims against them and the grounds upon which each claim rests.'"  *Lee v. Ohio Educ. Ass'n*, 951 F.3d 386, 392-393 (6th Cir. 2020) (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018)).  *See also Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 946 (7th Cir. 2013) ("The primary purpose of [Fed. R. Civ. P. 8 and 10(b) ] is to give defendants fair notice of the claims against them and the grounds supporting the claims.") (quoting *Stanard v. Nygren,* 658 F.3d 792, 797 (7th Cir.2011)).

10

"Plaintiff is also required to make 'some additional factual allegations, no matter how minor, in addition to parroting the language of the statute,' to sufficiently allege that Defendant utilized a prerecorded or artificial voice or used an ATDS system." *Katz v. CrossCountry Mortg.*, LLC, No. 1:22-CV-00925, 2022 WL 16950481, at *3 (N.D. Ohio Nov. 15, 2022) (quoting *Reo v. Caribbean Cruise Line, Inc.*, No. 1:14 CV 1374, 2016 WL 1109042, at *4 (N.D. Ohio Mar. 18, 2016)). "'It is not unreasonable [ ] to require a plaintiff to describe the phone messages he received in laymen's terms or provide the circumstances surrounding them to establish his belief that the messages were pre-recorded or delivered via the ATDS.'" *Katz*, 2022 WL 16950481, at *3 (quoting *Johansen v. Vivant, Inc.*, No. 12 C 7159, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012)).

### a. The twelve alleged calls (ECF No. 1, ¶¶ 87-119)

In his pleading, Plaintiff includes a 28-paragraph section titled, "Allegations Specific to this Complaint[,]" (ECF No. 1, ¶¶ 59-86), after which he dedicates multiple paragraphs to describing "the calls," namely twelve (12) calls that allegedly occurred from April 20, 2022 to February 2, 2023. (*Id*., ¶ 87, 88, 94.)[4] Within his "fair notice" discussion, Plaintiff contends that his pleading "alleges a

---

[4] Although Plaintiff describes the call as having occurred on February 2, 2022 (ECF No. 1, ¶¶ 87, 95, 97), it appears he intended to use February 2, 2023 (*id*., ¶¶ 101, 111, 117, 119). (*See also* ECF No. 29, PageID.133, 142.) Plaintiff seems to confirm as much in his response to FLA's motion. (*See* ECF No. 35, PageID.271 n.1.)

scheme amongst the co-defendants to engage in telephone solicitation *en masse* to consumers to market the insurance products of the named insurance companies." (ECF No. 33, PageID.222 (citing ECF No. 1, ¶¶ 59-81).)

### i.      Call Nos. 1-11

Although there are thirty-three paragraphs dedicated to "the calls," (ECF No. 1, ¶¶ 87-119), including a chart describing the alleged twelve (12) calls by date, time, called #, Caller ID, and CLID name and various references to "Defendants," or "Defendants agents," or "Defendants' agent," (*id*., ¶ 87, 101, 117), few of the paragraphs are dedicated to elaborating on the first eleven calls.  (ECF No. 1, ¶¶ 95-96.)  Plaintiff alleges that, "[d]uring each of the calls, *except* the call on February 2, 202[3], Plaintiff would get to various different steps of the process and then, suddenly, be hung up upon without warning and *without having better identified the source of the call*[,]" (*id*., ¶ 95 (emphases added)).  This particular allegation:  (i) might explain why, as the Tobias Defendants put it, "Plaintiff entirely fails to specify any detail about the content of any of the twelve calls with the sole exception of one call occurring on February 2[,]" (ECF No. 29, PageID.143); and, (ii) is consistent with Defendant FLA's argument that "[t]he Complaint does not state a claim for relief against [FLA] for eleven of the twelve calls Plaintiff allegedly received[,]" (ECF No. 30, PageID.163-166).

While Plaintiff's complaint alleges *some* content of the first eleven calls, it does so without reference to a particular Defendant.  (*See*, *e.g.*, ECF No. 1, ¶¶ 87-96.)  "Factual allegations must be enough to raise a right to relief above the speculative level[.]"  *Twombly*, 550 U.S. at 555 (referencing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed. 2004)).  Therefore, as to the first eleven calls, the Court should agree that Plaintiff "fail[s] to state any specific content connecting those calls in any way to any of the Defendants[,]" (ECF No. 29, PageID.134), and that "he fails to plead any facts plausibly inferring that any of the Defendants' bear a connection to those Caller ID numbers[,]" (*id*., PageID.143).  (*See also* ECF No. 30, PageID.165; ECF No. 31, PageID.199, 202.)  *See Bickerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2016) (the Court "need not accept as true any 'conclusory legal allegations that do not include specific facts necessary to establish the cause of action.'") (quoting *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1050 (6th Cir. 2011)).

In his response to the GWIC motion, Plaintiff contends that "[e]ach of the telephone solicitations began with the identical pre-recorded message. . . . The reasonable inference of the identical pre-recorded messages is that each of the calls are being initiated by the same person."  (ECF No. 33, PageID.223 (citing ECF No. 1, ¶¶ 87-88).)  And, in his response to Defendant FLA's motion, Plaintiff states:

13

> As far as the first 11 calls, it must be noted that each of the 11 all used the *identical* recorded message as was also used in the 12th call. . . . It is also significant to note the 3 of the 12 calls detailed in the listing each displayed substantially identical caller identification number information:  734-872-69**. . . . These facts raise the reasonable inference of misconduct by Fidelity and are far from "pure speculation."

(ECF No. 35, PageID.270-271 (emphasis in original) (citing ECF No. 1, ¶¶ 87-88).)  *See Iqbal*, 556 U.S. at 678.  Still, even if the call was identical, it could have been copied and used by others, and Plaintiff's observation that three of the twelve calls have substantially identical caller information numbers loses its strength where Plaintiff's own complaint mentions "telemarketers who have falsified or 'spoofed' their caller identification . . . ."  (ECF No. 1, ¶ 82; *see also id.*, ¶ 96.)  Accordingly, and in addition to Plaintiff's allegation that eleven of the twelve calls concluded "without having better identified the source of the call[,]" (*id.*, ¶ 95), any particular Defendants' association with any of the first eleven calls remains speculative.

### ii.    Call No. 12 (February 2, 2023)

Most of the paragraphs elaborate on the events stemming from the twelfth call, which allegedly occurred on February 2, 2023 at 12:33 p.m.  (ECF No. 1, ¶¶ 87, 97-119.)  Within these paragraphs, there are various references to specific Defendants, *inter alia*:  (a) a second call with Defendant Ventura at 12:44 p.m.; (b) Defendant Robert D. Phillips, who allegedly signed a February 2, 2023 1:09 p.m.

14

email and application related to insurer GWIC; (c) a February 2, 2023 1:19 p.m. email from FLA, including an FLA application bearing the signature of Defendant Michael Charles Tobias;[5] and, (d) a February 2, 2023 1:25 p.m. email from FLA that "the application had been 'cancelled to edit application.'" (*Id.*, ¶¶ 101-102, 111-112, 117-119.)

To be sure, the various Defendants note a similar distinction between the first eleven calls and the twelfth call. (*See* ECF No. 29, PageID.134, 143; ECF No. 30, PageID.163-166; *see also* ECF No. 31, PageID.202.) In fact, the Tobias Defendants and Defendant FLA each admit that the complaint specifies details or "alleges factual content" about the call occurring on February 2, 2023. (ECF No. 29, PageID.134, 143 (citing ECF No. 1, ¶¶ 97-119); ECF No. 30, PageID.163.) Moreover, in his responses to GWIC's and FLA's motions to dismiss, Plaintiff discusses the alleged events of February 2, 2023. (ECF No. 33, PageID.222-223;

---

[5] Attached to Plaintiff's May 19, 2023 responses to GWIC's and FLA's motions are copies of: (a) the email and GWIC application (ECF No. 33, PageID.222, 232, 237-246 [Ex. 1]); (b) the email and the FLA application (ECF No. 35, PageID.269, 284-291 [Ex. 1]); and, (c) a copy of the life insurance policy issued by FLA (*id.*, PageID.269-270, 272, 293-305 [Ex. 2].) Defendant FLA and Defendant GWIC each take issue with Plaintiff's attachments (*see* ECF No. 37, PageID.318-320; ECF No. 38, PageID.327 n.2); however, at this time, the Court will assume these attachments are not "matters outside the pleading," because they are referred to in the complaint are central to Plaintiff's claims. *See, e.g., Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999); *Partin v. Parris*, No. 17-6172, 2018 WL 1631663, at *2 (6th Cir. Mar. 20, 2018) ("But a court is permitted to consider attachments to a complaint in the context of a motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein.").

15

ECF No. 35, PageID.265, 269-270.)  So does Defendant FLA in its reply.  (*See* ECF No. 37, PageD.318.)  Finally, in its reply, GWIC states:  "As to the twelfth call he received, at best Plaintiff alleges that he managed to elicit an insurance application from a third party independent contractor insurance agent through a 'canary trap' scheme after providing the fake name 'Kevin McAllister.'  Plaintiff fails to plausibly allege GWIC had any knowledge of this call, much less that the caller was acting on behalf of or subject to the control of GWIC."  (ECF No. 38, PageID.325.)

Yet, whatever admissions Defendants make as to the allegations concerning the February 2, 2023 call, or whatever related argument Plaintiff offers, it remains, as shown below, that Plaintiff's complaint does not satisfy Fed. R. Civ. P. 8(a)(2) with respect to any of the nine causes of action.

### b.     The causes of action (ECF No. 1, ¶¶ 120-143)

Perhaps more problematic is the manner in which Plaintiff pleads his causes of action.  As an introductory matter, Plaintiff contends his lawsuit arises under the TCPA, the MTCCCA, the MHSSA, and the FTSL, and he mentions specific sections of these statutes within the complaint's 42-paragraph review of "the telemarketing laws."  (*Id*., ¶¶ 1, 25-36.)  However, while each of Plaintiff's nine causes of action alleges that each of the twelve calls violated a particular statute – *e.g.*, TCPA, 47 U.S.C. § 227, 47 C.F.R. §§ 64.1200, 64.1601 (Counts I-VI); the

MTCCCA, Mich. Comp. Laws § 484.125 (Count VII); the MHSSA ("MHSSA"),

Mich. Comp. Laws §§ 445.111a, 445.111b (Count VIII); and, the FTSL, Fla. Stat.

§ 501.059 (Count IX) – none of the causes of action mention a specific Defendant,

*e.g.*:

- Counts I and IV-IX reference only "Defendant or Defendant's agent," "Defendants or Defendants' agent," "Defendants and/or Defendants' agents," or "Defendants," and,

- Counts II and III do not reference even a generic Defendant or Defendants.

(ECF No. 1, ¶¶ 120-143.)  As the Tobias Defendants aptly note, "[n]one of the nine

Counts are clearly directed at any particular Defendant."  (ECF No. 29,

PageID.143 (underline added).)

Therefore, the Undersigned is persuaded by the Tobias Defendants' April

17, 2023 argument that "Plaintiff's allegations improperly group the Defendants

together failing to provide Defendants with proper notice of the basis of the

individual claims against each Defendant."  (ECF No. 29, PageID.141; *see also id.*,

PageID.143-144.)  *See also Kerrigan v. ViSalus, Inc.*, 112 F. Supp. 3d 580, 601

(E.D. Mich. 2015) ("These 'shotgun' allegations of general misconduct by a group

of thirty-one different Defendants are not sufficient to state RICO claims against

each of them."); *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) ("This

Court has consistently held that damage claims against government officials

arising from alleged violations of constitutional rights must allege, with

particularity, facts that demonstrate what *each* defendant did to violate the asserted

constitutional right.") (emphasis in original) (*citing Terrance v. Northville Reg'l*

*Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)).

### c. Vicarious liability

Plaintiff alleges, *inter alia*, that "[t]he FCC has clarified that sellers may be

held vicariously liable for violations of the TCPA by third-party telemarketers that

initiate calls to market the seller's products or services," (ECF No. 1, ¶ 50 (citing

*In the Matter of Rules & Reguls. Implementing the Tel. Consumer Prot. Act of*

*1991*, 20 F.C.C. Rcd. 13664, 13667 ¶ 7 (2005))), and further alleges that "[t]he

Insurance Companies ratify the conduct by accepting the benefits (i.e., the

applications for insurance) realized from the telemarketing activity[,]" (ECF No. 1,

¶ 81). *See*, *e.g.*, *N.L.R.B. v. Int'l Union of Elec., Radio & Mach. Workers, AFL-*

*CIO-CLC, Loc. 745*, 759 F.2d 533, 534 (6th Cir. 1985) ("Agency may be found to

exist on the basis of actual authority, ratified authority or apparent authority.").

In the motions to dismiss, the Tobias Defendants argue that "Plaintiff fails to

plausibly plead facts sufficient to hold Defendants vicariously liable for alleged

violations of the TCPA by unidentified third parties[,]" (ECF No. 29, PageID.139-

141), GWIC argues that Plaintiff "fails to plausibly allege that GWIC is vicariously

liable for any calls[,]" (ECF No. 31, PageID.200-203 (footnote omitted)), and FLA

18

addresses vicarious liability (ECF No. 30, PageID.167-168, 172-173).  Plaintiff has substantively responded to GWIC's and FLA's vicarious liability arguments, although he concedes that GWIC "is likely not liable under a directly liability theory[,]" and that FLA "does not have direct liability under the TCPA."  (ECF No. 33, PageID.224-225; ECF No. 35, PageID.271-272.)

Here, as to this particular pleading, the Court need not determine whether Plaintiff has adequately alleged vicarious liability.  Even assuming, *arguendo*, that Plaintiff has done so as to the Tobias Defendants, Defendant GWIC, or Defendant FLA within the allegations as to the twelve phone calls (*see* ECF No. 1, ¶¶ 87-119 & Section II.D.2.a), he has not done so with respect to the nine causes of action (ECF No. 1, ¶¶ 120-143 & Section II.D.2.b).  As noted above, "[n]one of the nine Counts are clearly directed at any particular Defendant[,]" and "Plaintiff's allegations improperly group the Defendants together[,] failing to provide Defendants with proper notice of the basis of the individual claims against each Defendant[,]" (ECF No. 29, PageID.141-144).  Accordingly, if the Court agrees with the above recommendation that Plaintiff's *causes of action* are improperly group pleaded, then it need not address separately whether any given Defendant is vicariously liable for the actions of an agent or agents.

19

### 3.   TCPA (Counts I, II, III, IV, and V)

The first five TCPA causes of action – robocall, abandoned call, no opt out,

do not call, & false identity – are based upon various subsections of 47 C.F.R. §

64.1200 ("Delivery restrictions").  (ECF No. 1, ¶¶ 27, 28, 30, 121, 124, 127, 130,

133.)  The Tobias Defendants argue that Plaintiff fails to "state a claim for

violations of the TCPA."  (ECF No. 29, PageID.138-139.)  Similarly, Defendant

FLA argues that  "the Complaint does not state a TCPA claim against Fidelity that

is plausible on its face[,]" (ECF No. 30, PageID.166-173).

However, if the Court agrees with the above recommendation that Plaintiff's

causes of action are improperly group pleaded, then it need not address separately

the viability of Plaintiff's first five TCPA causes of action.

### 4.   TCPA – Falsified Caller ID (Count VI)

The sixth TCPA cause of action is based upon the requirements that "[a]ny

person or entity engage[d] in telemarketing" must "transmit caller identification

information[,]" and that "[t]he telephone number so provided must permit any

individual to make a do-not-call request during regular business hours."  47 C.F.R.

§ 64.1601(e)(1).  (ECF No. 1, ¶¶ 28, 136.)  Defendants FLA and GWIC argue for

dismissal of this cause of action, because "there is no private right of action for

alleged violations of 47 C.F.R. § 64.1601(e)(1)."  (ECF No. 30, PageID.173; *see*

*also* ECF No. 31, PageID.203-204; ECF No. 37, PageID.321-322; ECF No. 38,

PageID.327-329.)

Here, too, if the Court agrees with the above recommendation that Plaintiff's

causes of action are improperly group pleaded, then it need not address separately

the viability of Plaintiff's sixth TCPA cause of action.  Nonetheless, Plaintiff

deserves some guidance on this particular cause of action.  Perhaps Defendant

GWIC puts it best – "in Dobronski's three previous cases" this Court has

"reject[ed] his attempt to bring a claim under § 64.1601(e)[.]"  (ECF No. 31,

PageID.204.)  *See Dobronski v. Selectquote Ins. Servs.*, 462 F. Supp. 3d 784, 790

(E.D. Mich. 2020) (Patti, M.J., opinion and order granting in part and denying in

part Plaintiff's motion for leave to amend his complaint) ("Absent any

authoritative basis for a private cause of action for "spoofing" under this federal

communications regulation, the Court is disinclined to create one here.");

*Dobronski v. Total Ins. Brokers*, LLC, No. 21-10035, 2021 WL 4452218, at *3

(E.D. Mich. Sept. 29, 2021) (Levy, J.) ("The Court agrees with Judge Ivy's analysis

that the persuasive authority holds that there is no private right of action for

violations of § 64.1601(e), and therefore adopts the recommendation to dismiss

Count II of Plaintiff's amended complaint failure to state a claim."); *Dobronski v.*

*SunPath Ltd.*, No. 19-13094, 2020 WL 8840311, at *6 (E.D. Mich. July 27, 2020)

(Battani, J.) ("The TCPA does not confer a right to pursue the claim asserted in Count III of Plaintiff's complaint.").

Plaintiff argues that "[a] private right of action exists for a violation of 47 C.F.R. § 1601(e)(1)." (ECF No. 33, PageID.225-232; *see also* ECF No. 35, PageID.272-279.) Although he acknowledges the three cases upon which Defendants FLA and DWIC rely, he points to a case "subsequent to the 3 *Dobronski* cases in this district," namely, *Worsham v. LifeStation, Inc.*, No. 661, Sept. Term, 2020, 2021 WL 5358876, at *17 (Md. Ct. Spec. App. Nov. 17, 2021) ("§ 64.1601(e)(1) was promulgated pursuant to § 227(c) and, therefore, that a private right of action exists to enforce its provisions."). (ECF No. 33, PageID.226, 232; ECF No. 35, PageID.273, 279.) The Undersigned sees no reason to adopt the conclusion of one state judicial officer outside of this federal district over the conclusion of three federal judicial officers in this district, including the Undersigned and the District Judge to whom this report and recommendation will be transmitted. Moreover, albeit also non-binding, a recent Michigan appellate court decision – again in which Dobronski is the plaintiff – acknowledges the *Worsham v. LifeStation* decision but, nonetheless, concludes "there is no private right of action with respect to 47 CFR 64.1601(e)." *Dobronski v. Transamerica Life Ins. Co.*, No. 360506, 2023 WL 3665869, at *8 (Mich. Ct. App. May 25, 2023)). (ECF No. 37, PageID.321-322; ECF No. 38, PageID.328.) Accordingly, if

the Court disagrees with the above recommendation that Plaintiff's causes of action are improperly group pleaded, the Court should at least dismiss Count VI for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6).

### 5. State law causes of action (Counts VII-IX)

Defendants FLA and GWIC make various other arguments about Plaintiff's causes of action based on the Michigan Telephone Companies as Common Carriers Act ("MTCCCA") (Count VII), the Michigan Home Solicitation Sales Act ("MHSSA") (Count VIII), and the Florida Telephone Solicitation Act ("FTSA") (Count IX).  (ECF No. 30, PageID.173-178; ECF No. 31, PageID.204-206.) However, if the Court agrees with the above recommendation that Plaintiff's causes of action are improperly group pleaded, then the Court need not address separately the viability of Plaintiff's three state law causes of action.  Alternatively, if for any reason these state law claims alone survive dismissal after Rule 8 adequacy of pleading scrutiny, the Undersigned recommends that the Court decline to exercise supplemental jurisdiction over them.  28 U.S.C. § 1367.

### E. Conclusion

Accordingly, it is **RECOMMENDED** that the Court **GRANT** Defendants Phillips, Tobias, Tobias & Associates, Inc., and Ventura's motion to dismiss (ECF

No. 29), **GRANT** Defendant FLA's motion to dismiss (ECF No. 30), and **GRANT**

Defendant GWIC's motion to dismiss (ECF No. 31).

## III.    PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to file any objections within 14 days of service,

as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d).  Failure to file specific objections constitutes a waiver of any further right

of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health &*

*Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation.  *Willis v. Sec'y of Health &*

*Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers*

*Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No.

2," *etc.*  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR

72.1(d).  The response must specifically address each issue raised in the objections,

in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: September 25, 2023

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE