UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Mark W. Dobronski,

          Plaintiff,

v.

Tobias & Associates, Inc., *et al.*,

          Defendants.

_____/

Case No. 23-10331

Judith E. Levy
United States District Judge

Mag. Judge Anthony P. Patti

**OPINION AND ORDER DENYING PLAINTIFF MARK W. DOBRONSKI'S OBJECTIONS [40], GRANTING DEFENDANTS' MOTIONS TO DISMISS [29, 30, 31] AND ADOPTING IN PART THE REPORT AND RECOMMENDATION [39]**

*Pro se* Plaintiff Mark W. Dobronski filed two objections (ECF No. 40) to Magistrate Judge Anthony P. Patti's Report and Recommendation ("R&R"). (ECF No. 39.) The R&R recommends that the Court grant the motion to dismiss filed by Defendants Tobias & Associates, Inc., Michael Tobias, Robert Phillips, and Jesse Ventura (ECF No. 29), the motion to dismiss filed by Fidelity Life Association (ECF No. 30), and the motion to dismiss filed by Great Western Insurance Company. (ECF No. 31.) Judge Patti issued the R&R on September 25, 2023. (ECF No. 39.) Plaintiff

timely filed two objections to the R&R (ECF No. 40), and Defendants responded to those objections. (ECF Nos. 41, 42, 43.) Plaintiff also filed a notice of supplemental authority in support of his objections. (ECF No. 45.)

For the reasons set forth below, Plaintiff's objections are denied. The Court grants Defendants' motions to dismiss. (ECF Nos. 29, 30, 31.) Counts I–V and VII–IX are dismissed without prejudice and Count VI is dismissed with prejudice.

**I.   Background**

The background section set forth in the R&R is fully adopted as though set forth in this Opinion and Order.

**II.  Legal Standard**

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the

2

basis for the objection.'" *Pearce v. Chrysler Group LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that restate arguments already presented to the magistrate judge are improper, *Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that are vague and dispute the general correctness of the report and recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough to permit the Court to squarely address them on the merits. *See Pearce*, 893 F.3d at 346.

### III. Analysis

Plaintiff filed two objections in response to the R&R. First, he objects to the R&R's finding that "Plaintiff's allegations improperly group the Defendants together [,] failing to provide Defendants with proper

3

notice of the individual claims against each Defendant" and the R&R's recommendation that the Defendants' motions to dismiss be granted. (ECF No. 40, PageID.358 (citing ECF No. 39, PageID.341–350 (Section II.D.2)).) Second, he objects to the R&R's finding that 47 C.F.R. § 64.1601(e) does not have a private right of action. (*Id.* at PageID.370 (citing ECF No. 39, PageID.351–354 (Section II.D.4)).)

## A. Objection 1 - Violation of Rule 8(a)(2)

The R&R recommends that the motions to dismiss should be granted because "Plaintiff's allegations improperly group the Defendants together [,] failing to provide Defendants with proper notice of the basis of the individual claims against each Defendant." (ECF No. 39, PageID.341 (quoting ECF No. 29, PageID.141–144 (Tobias & Associates' motion to dismiss)).) Plaintiff objects to this finding. (ECF No. 40, PageID.358–369.)

The R&R determined that Plaintiff's complaint should be dismissed as to all Defendants and all claims because the causes of action are "improperly group pleaded" and "none of the nine Counts are clearly directed at any particular Defendant." (ECF No. 39, PageID.350.) Thus, the R&R reasoned that the complaint fails "to provide proper notice of

4

the basis of the individual claims against each Defendant." (*Id.* at PageID.348 (quoting ECF No. 29, PageID.141).)

According to Federal Rule of Civil Procedure 8(a)(2), "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." "This rule requires that Plaintiff 'provide the [D]efendants "adequate notice of the claims against them and the grounds upon which each claim rests."'" (ECF No. 39, PageID.341 (quoting *Lee v. Ohio Educ. Ass'n*, 951 F.3d 386, 392–93 (6th Cir. 2020) (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018))).)

A pleading violates Federal Rule of Civil Procedure 8(a)(2) when the "plaintiff failed to 'connect specific facts or events with the various causes of action [ ] asserted.'" *Lee*, 951 F.3d at 392 (quoting *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 947 (7th Cir. 2013)). A pleading may not provide adequate notice of the claims against a defendant when the complaint "lump[s] all the defendants together in each claim and provid[es] no factual basis to distinguish their conduct." *Atuahene v. City of Hartford*, 10 Fed. Appx. 33, 34 (2d Cir. 2001); *see also Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012) ("[W]e have found, in an

5

unpublished opinion, that a complaint failed where a plaintiff 'did not allege that particular defendants performed the acts that resulted in a deprivation of [plaintiff's] constitutional rights. This is a requirement in Bivens actions such as this one.'" (quoting *Kesterson v. Moritsugu*, No. 96–5898, 1998 WL 321008, at \*4 (6th Cir. June 3, 1998))).

Here, the Court finds that the complaint does not provide adequate notice of the claims against each Defendant. Plaintiff has not sufficiently alleged facts that distinguish each Defendant's alleged role.

Plaintiff alleges that Tobias & Associates, Inc. ("T&A") contracted with Fidelity Life Association ("Fidelity") and Great Western Insurance Company ("Western") to market and distribute their insurance products to consumers; that T&A's agents engaged in unlawful activity in this marketing and distribution; and that Fidelity and Western were "well aware" that T&A and its agents were engaging in unlawful activity. (*See, e.g.*, ECF No. 1, PageID.21–31.) Further, Plaintiff claims that he "pled sufficient facts to hold all of the Defendants liable for initiation of the telephone solicitation calls" and "to hold, at minimum, T&A and Tobias liable for the telephone solicitation calls under a theory of direct liability; and to hold Defendants Phillips, Tobias, Western, and Fidelity under a

6

theory [of] vicarious liability, apparent authority, and ratification." (ECF No. 40, PageID.369.) It is unclear under what theory he would hold Defendant Ventura liable.

Plaintiff's complaint has similar issues to the complaint in *Kerrigan*. In *Kerrigan v. ViSalus, Inc.*, 112 F. Supp. 3d 580 (E.D. Mich. 2015), the plaintiffs alleged that specific defendants had limited roles, like "merely design[ing] software and/or perform[ing] database services," but "liberally accuse[d] 'the Defendants'—all 31 of them—of . . . committing mail and wire fraud in the same manner." *Id.* at 601. The court found that the plaintiffs engaged in "impermissible group pleading" because "it is obvious from Plaintiffs' *own* narrative that Plaintiffs do not—and cannot—literally mean that each Defendant engaged in the alleged acts." *Id.*

Here, Plaintiff claims that T&A and Tobias are directly liable for the telephone solicitation calls. He alleges that T&A "provide[s] its agents with access to automatic telephone dialing platforms and services to facilitate telephoning consumers *en masse* to market the T&A's [sic][1]

---

[1] Here, the inclusion of "T&A" appears to be a typographical error, as T&A's products are not mentioned elsewhere in the complaint. These typographical errors interfere with the Court's ability to understand Plaintiff's arguments. (*See also* ECF

7

Insurance Companies' products" (ECF No. 1, PageID.22), despite also claiming that "[t]he call centers initiating the automated telemarketing calls on behalf of T&A are usually located outside the United States" and that these "call centers, in turn, hire individuals to act as lead generators . . . to pre-qualify called consumers as to whether the consumer meets the qualification criteria for specific insurance products." (*Id.* at PageID.23–24.) Based on Plaintiff's complaint, it is unclear who initiates the calls – T&A and its agents, Tobias, or these third-party call centers. *See Cunningham v. Health Plan Intermediaries Holdings, LLC*, No. 3:18-CV-00518, 2021 WL 1946645, at *3 (M.D. Tenn. May 14, 2021) ("[T]he Second Amended Complaint fails to identify a principal for the alleged web of agents. An agency relationship cannot exist without a principal . . . . [Plaintiff] does have to allege at least some facts to support an inference of an agency relationship. [Plaintiff's] allegations of universal agency among Defendants lack that factual predicate.").

Further, Plaintiff does not list Defendants under each Count. (ECF No. 1, PageID.31–36.) Counts IV, V, VI, VIII, and IX reference

---

No. 35, PageID.271 n.1 (explaining that the date of a telephone call in the complaint took place on February 3, 2023, not February 2, 2022, as written); ECF No. 34, PageID.251 (referring to "Guardian," a non-party, instead of the Tobias Defendants).)

8

"Defendants or Defendants' agent." (*Id.*) Counts I and VII reference "Defendant or Defendant's agent." (*Id.*) Finally, Counts II and III do not reference Defendants at all. (*Id.*) Grouping the Defendants together in this manner is acceptable if there are sufficient facts alleged so that each Defendant has notice of what Plaintiff believes their role was in the described violations. *See also Gold Crest, LLC v. Project Light, LLC*, 525 F. Supp. 3d 826, 835 (N.D. Ohio 2021) (holding that "collecting the three defendants under a defined term [such as "Corporate Defendants"] then claiming all three are liable for the same misconduct is, at the pleading stage, sufficient to give each of them notice of the claims alleged against them"); *Berry v. Cahoon*, 731 F. Supp. 2d 685, 688 (S.D. Ohio 2010) (finding that the group pleading is acceptable since "each Defendant can be identified in this case"). Plaintiff's complaint lacks sufficient factual allegations related to each Defendant.

Additionally, Plaintiff's claims rely on his allegations regarding the twelfth call he received. Unlike the previous eleven calls, Plaintiff was allegedly solicited for and purchased an insurance policy during the twelfth call. (*See, e.g.*, ECF No. 39, PageID.343–347.) However, it is not clear to the Court when this essential twelfth call took place. Plaintiff's

9

chart of telephone calls states that it took place on "02/02/2022." (ECF No. 1, PageID.27.) Later in the complaint, Plaintiff again states that the call took place on February 2, 2022 (*Id.* at PageID.28), but then writes that the call took place on February 2, 2023 in the next pages. (*Id.* at PageID.29–31.) In Plaintiff's response in opposition to Fidelity's motion to dismiss, he attempts to clarify these dates by stating that "[t]he call actually took place on February 3, 2023" (ECF No. 35, PageID.271), but did not object to the R&R's statement that the twelfth call took place on February 2, 2023. (ECF No. 39, PageID.345.) Again, Plaintiff's claims are confusing and unclear.

Accordingly, Defendants' motions to dismiss are granted, and Plaintiff is ordered to file an amended complaint. In his amended complaint, he must correct all pleading deficiencies. *See Kerrigan*, 112 F. Supp. 3d at 602, 619 (directing plaintiffs to amend their claims "in order to present them in a manner that allows the Court to appropriately evaluate their sufficiency as to each individual Defendant").

## B. Objection 2 – No Private Right of Action for § 64.1601(e)

Plaintiff objects to the R&R's "recommended finding (Section II.D.4) that there is no private right of action under 47 C.F.R. § 64.1601(e)." (ECF No. 40, PageID.370.)

Plaintiff's objection is denied. First, the R&R recommended dismissing Plaintiff's Count VI (which is based on § 64.1601(e)) because "Plaintiff's causes of action are improperly group pleaded," not because there was no private right of action. (ECF No. 39, PageID.352.) The R&R's discussion of whether there is a private cause of action under § 64.1601(e)(1) was simply "some guidance on this particular cause of action." (*Id.*)

However, Plaintiff's Count VI will be dismissed with prejudice.

As stated in the R&R,

"[I]n Dobronski's three previous cases" this Court has "reject[ed] his attempt to bring a claim under § 64.1601(e)[.]" (ECF No. 31, PageID.204.) *See Dobronski v. Selectquote Ins. Servs.*, 462 F. Supp. 3d 784, 790 (E.D. Mich. 2020) (Patti, M.J., opinion and order granting in part and denying in part Plaintiff's motion for leave to amend his complaint) ("Absent any authoritative basis for a private cause of action for "spoofing" under this federal communications regulation, the Court is disinclined to create one here."); *Dobronski v. Total Ins. Brokers, LLC*, No. 21-10035, 2021 WL 4452218, at *3 (E.D. Mich. Sept. 29, 2021) (Levy, J.) ("The Court agrees with Judge Ivy's analysis that the persuasive authority holds that there is no

11

private right of action for violations of § 64.1601(e), and therefore adopts the recommendation to dismiss Count II of Plaintiff's amended complaint failure to state a claim."); *Dobronski v. SunPath Ltd.*, No. 19-13094, 2020 WL 8840311, at *6 (E.D. Mich. July 27, 2020) (Battani, J.) ("The TCPA does not confer a right to pursue the claim asserted in Count III of Plaintiff's complaint.").

Plaintiff argues that "[a] private right of action exists for a violation of 47 C.F.R. § 1601(e)(1)." (ECF No. 33, PageID.225-232; *see also* ECF No. 35, PageID.272-279.) Although he acknowledges the three cases upon which Defendants FLA and DWIC rely, he points to a case "subsequent to the 3 Dobronski cases in this district," namely, *Worsham v. LifeStation, Inc.*, No. 661, Sept. Term, 2020, 2021 WL 5358876, at *17 (Md. Ct. Spec. App. Nov. 17, 2021) ("§ 64.1601(e)(1) was promulgated pursuant to § 227(c) and, therefore, that a private right of action exists to enforce its provisions."). (ECF No. 33, PageID.226, 232; ECF No. 35, PageID.273, 279.) The Undersigned sees no reason to adopt the conclusion of one state judicial officer outside of this federal district over the conclusion of three federal judicial officers in this district, including the Undersigned and the District Judge to whom this report and recommendation will be transmitted. Moreover, albeit also non-binding, a recent Michigan appellate court decision−again in which Dobronski is the plaintiff− acknowledges the *Worsham v. LifeStation* decision but, nonetheless, concludes "there is no private right of action with respect to 47 CFR 64.1601(e)." Dob*ronski v. Transamerica Life Ins. Co.*, No. 360506, 2023 WL 3665869, at *8 (Mich. Ct. App. May 25, 2023)). (ECF No. 37, PageID.321-322; ECF No. 38, PageID.328.)

(ECF No. 39, PageID.352–353.)

12

Plaintiff's objection is not convincing. As he states, he presents no caselaw that is "binding on any federal district court" and reiterates arguments he has previously made. (ECF No. 40, PageID.370.)

Thus, Plaintiff's second objection is denied and Count VI is dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

## IV. Conclusion

For the reasons set forth above, the Court GRANTS Defendants' motions to dismiss. (ECF Nos. 29, 30, 31.) Counts I–V and VII–IX are dismissed without prejudice. Count VI is dismissed with prejudice. The R&R is ADOPTED IN PART.[2] (ECF No. 39.)

Plaintiff is ordered to file an amended complaint in this action no later than **April 15, 2024**.

IT IS SO ORDERED.

Dated: March 18, 2024        s/Judith E. Levy
Ann Arbor, Michigan        JUDITH E. LEVY
       United States District Judge

---

[2] Specifically, the Court adopts Sections II.D.1 (Service of the Tobias Defendants' motion), II.D.2.b (The causes of action (ECF No. 1, ¶¶ 120-143)), and II.D.4 (Falsified Caller ID) of the R&R.

13

## **CERTIFICATE OF SERVICE**

  The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 18, 2024.

           s/William Barkholz
           WILLIAM BARKHOLZ
           Case Manager